FILED

2009 Jun-04  AM 08:11
U.S. DISTRICT COURT
N.D. OF ALABAMA



# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| CLEMME D. CONLEY, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 5:09-cv-0487-CLS** |
| | ) | |
| FIRST FRANKLIN FINANCIAL | ) | |
| CORPORATION and BANK OF | ) | |
| AMERICA, N.A., | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

This action is before the court on the motion filed by defendant Bank of America, N.A. for dismissal of plaintiff's equitable claims.[1]  Plaintiff failed to respond to the motion, despite being ordered to do so by the court.[2]  Upon consideration of the motion and the pleadings, the court[3] concludes the motion should be granted in part and denied in part.

### I.  STANDARD OF REVIEW

The Federal Rules of Civil Procedure require only that a complaint contain a "'short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*,

---

[1]Doc. no. 12.

[2]*See* order entered on April 24, 2009, requiring plaintiff's response by May 8, 2009.

[3]The undersigned has been asked to rule upon the Bank of America's motion in light of Judge Smith's temporary absence.

355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)(2)).  "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 563 (2007) (citations omitted).  These factual allegations need not be detailed, but "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly,* 550 U.S. at 555 (citing *Papasan v. Allain,* 478 U.S. 256, 286 (1986), and *Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.,* 40 F.3d 247, 251 (7th Cir. 1994)) (bracketed alteration in *Twombly*).  Thus, although notice pleading may not require that the pleader allege a "specific fact" to cover every element, or allege "with precision" each element of a claim, the complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."  *Roe v. Aware Woman Center for Choice, Inc*., 253 F.3d 678, 683 (11th Cir. 2001).

When ruling upon a Rule 12(b)(6) motion, the court must accept all well-pleaded facts as true, and construe them in the light most favorable to the non-moving party.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *see also, e.g., Brooks v. Blue Cross and Blue Shield of Florida*, 116 F.3d 1364, 1369 (11th Cir. 1997); *Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A.*, 711

F.2d 989, 994-95 (11th Cir. 1983). Viewed in this manner, the factual allegations of the complaint "must be enough to raise a right to relief above the speculative level . . . ." *Twombly,* 550 U.S. at 555 (citations omitted). Stated differently, the plaintiff must plead facts sufficient to "nudge[] her claims across the line from conceivable to plausible . . . ." *Id.* at 570.

## II. PERTINENT ALLEGATIONS OF PLAINTIFF'S COMPLAINT

Plaintiff, Clemme D. Conley, alleges that defendant Bank of America continues to report outstanding balances on his account, despite the fact that the account has been discharged in bankruptcy.[4] As a result, plaintiff asserts claims against Bank of America under the Alabama Deceptive Trade Practices Act ("ADTPA"), Ala. Code § 8-19-3 *et seq.*; the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*; and Alabama common law.[5] In addition to monetary damages, costs, and attorney's fees, plaintiff asserts that he is "entitled to injunctive relief, a declaratory judgment, and a determination that Defendants violated the FDCPA, FCRA, [ADTPA], federal law, and state law, and Plaintiff is similarly entitled to an order enjoining said acts."[6] Further, in his Prayer for Relief, plaintiff requests the court to

---

[4]Doc. no. 1 (Complaint), at ¶ 10.

[5]*Id.* at Counts One-Seven. Plaintiff asserts state law claims under the following legal theories: negligence, reckless and wanton conduct; harassment; invasion of privacy; defamation; and misrepresentation.

[6]*Id.* at ¶ 68. The court concludes plaintiff's reference to the Fair Debt Collection Practices Act ("FDCPA") must have been a typographical error, as plaintiff has not asserted a claim under that statute.

"[e]nter injunctive and corresponding declaratory relief establishing the foregoing conduct of Defendants to be unlawful, enjoining Defendants from continuing to engage in such conduct, and granting such additional equitable relief as may be appropriate."[7]

## III. DISCUSSION

Bank of America argues that plaintiff's claims for equitable relief (including declaratory and injunctive relief) should be dismissed because equitable relief is not available under the FCRA, and because plaintiff failed to state a claim for injunctive relief under the ADTPA.[8]

### A.      Fair Credit Reporting Act

The plain language of the FCRA indicates that Congress did not intend for injunctive relief to be available to private civil litigants under the Act.  The FCRA's civil liability provisions, §§ 1681n and 1681o, set out a private litigant's ability to seek actual and statutory damages, costs, and attorneys' fees, but make no mention of a private litigant's ability to seek equitable relief.  For example, § 1681n addresses civil liability for *willful noncompliance* and reads as follows:

---

[7]*Id.* at 13 (Prayer for Relief, § (a)).

[8]Bank of America also argues that equitable relief is unavailable under the FDCPA, but the court need not address that argument, as plaintiff has not asserted a claim under the FDCPA in his complaint.  Moreover, even if plaintiff had asserted such a claim, it is clear that any request for equitable relief under that claim would be due to be dismissed.  The Eleventh Circuit has held that "equitable relief is not available to an individual under the civil liability section of the [FDCPA]." *Sibley v. Fulton DeKalb Collection Service,* 677 F.2d 830, 834 (11th Cir. 1982).

(a) In general

Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of —

(1)(A) any *actual damages* sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; or

(B) in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, *actual damages* sustained by the consumer as a result of the failure or $1,000, whichever is greater;

(2) such amount of *punitive damages* as the court may allow; and

(3) in the case of any successful action to enforce any liability under this section, the *costs of the action together with reasonable attorney's fees* as determined by the court.

(b) Civil liability for knowing noncompliance

Any person who obtains a consumer report from a consumer reporting agency under false pretenses or knowingly without a permissible purpose shall be liable to the consumer reporting agency for *actual damages* sustained by the consumer reporting agency or $1,000, whichever is greater.

(c) Attorney's fees

Upon a finding by the court that an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment, the court shall award to the prevailing party *attorney's fees* reasonable in relation

to the work expended in responding to the pleading, motion, or other paper.

(d) Clarification of willful noncompliance

For the purposes of this section, any person who printed an expiration date on any receipt provided to a consumer cardholder at a point of sale or transaction between December 4, 2004, and June 3, 2008, but otherwise complied with the requirements of section 1681c(g) of this title for such receipt shall not be in willful noncompliance with section 1681c(g) of this title by reason of printing such expiration date on the receipt.

15 U.S.C. § 1681n (emphasis supplied).

Section 1681o addresses civil liability for *negligent compliance* and reads as

follows:

(a) In general

Any person who is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of —

(1) any *actual damages* sustained by the consumer as a result of the failure; and

(2) in the case of any successful action to enforce any liability under this section, the *costs of the action together with reasonable attorney's fees* as determined by the court.

(b) Attorney's fees

On a finding by the court that an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment, the court shall award to

the prevailing party *attorney's fees* reasonable in relation to the work expended in responding to the pleading, motion, or other paper.

15 U.S.C. § 1681o (emphasis added).

In contrast to §§ 1681n and 1681o, § 1681s(a) sets out the enforcement powers of the Federal Trade Commission ("FTC") under the FCRA, and allows the FTC to pursue injunctive relief pursuant to 15 U.S.C. § 45(b).  *See* 15 U.S.C. § 1681s(a) ("Compliance with the requirements imposed under this subchapter shall be enforced under the Federal Trade Commission Act by the Federal Trade Commission with respect to consumer reporting agencies . . . ."); and 15 U.S.C. § 45(b) (a provision of the Federal Trade Commission Act stating that the FTC can compel parties to "cease and desist" from committing certain acts).  It is logical to conclude that if Congress had intended to give private litigants the right to seek equitable relief for noncompliance under the FCRA, it would have expressly created an equitable remedy under §§ 1681n and 1681o.

Furthermore, while the Eleventh Circuit has not directly addressed the issue, the great weight of persuasive authority holds that equitable relief is unavailable to private litigants under the FCRA.  For example, in *Washington v. CSC Credit Services, Inc.*, 199 F.3d 263 (5th Cir. 2000), the Fifth Circuit held that the FCRA does not allow private litigants to maintain a claim for injunctive relief after concluding that:

7

> the affirmative grant of power to the FTC to pursue injunctive relief, coupled with the absence of a similar grant to private litigants when they are expressly granted the right to obtain damages and other relief, persuasively demonstrates that Congress vested the power to obtain injunctive relief solely with the FTC.

*Washington*, 199 F.3d at 268.

In *Mangio v. Equifax, Inc.*, 887 F. Supp. 283, 285 (S.D. Fla. 1995), the court also concluded that injunctive relief is not available to private litigants based on its findings that "the FCRA's failure to provide for private injunctive relief indicates that such relief is not available," and "Congress' commitment to the FTC of the authority to enforce the FCRA's requirements is strong indication that it did not intend for private individuals to exercise this power." *Id.* at 285.

In *Jones v. Sonic Automotive, Inc.*, 391 F. Supp. 2d 1064, 1065 (M.D. Ala. 2005), the court noted that the Eleventh Circuit has not yet addressed the question of whether equitable relief is available to private litigants under the FCRA, and agreed with the "well-reasoned opinion of *Mangio*" in concluding that "the FCRA does not authorize equitable relief to private parties." *Jones*, 391 F. Supp. 2d at 1065.

Moreover, other judges within this district have recently held that the FCRA does not allow private litigants to maintain a claim for equitable relief. *See Davis v. Sears Roebuck and Company*, Case No. 2:08-CV-1638-KOB, doc. no. 12 (N.D. Ala. Oct. 20, 2008) (Bowdre, J.) (finding that "a private plaintiff cannot seek equitable,

declaratory, or injunctive relief under the Fair Credit Reporting Act") (citing 15 U.S.C. § 1692 *et seq.*); *Williams v. Chase Manhattan Mortgage*, Case No. 4:08-CV-1639-VEH, doc. no. 22 (N.D. Ala. Oct. 23, 2008) (Hopkins, J.) (finding that "equitable, declaratory, and injunctive relief are not available to [individual] Plaintiffs" bringing claims under the FCRA) (bracketed alteration added).

Based upon the plain language of the FCRA, and the case law cited above, the court agrees that a private litigant cannot seek declaratory or injunctive relief under the FCRA. Accordingly, plaintiff's claims for such relief under the FCRA fail to state a claim upon which relief can be granted.

## B. Alabama Deceptive Trade Practices Act

With respect to plaintiff's ADTPA claim, Bank of America does not argue that injunctive relief is unavailable under that statute. Instead, defendant argues that plaintiff "cannot simply request equitable relief directing Defendant to obey the ADTPA."[9] Bank of America cites *Bankruptcy Authorities, Inc. v. State ex rel. Evans,* 592 So. 2d 1042 (Ala. 1992), which held that a permanent injunction issued pursuant to the ADTPA could not be enforced because the injunction did "no more than direct the defendants not to violate" the Act. *Id.* at 1045. According to the Alabama Supreme Court, "[b]lanket injunctions against a general violation of state law . . . do not satisfy the specificity requirements of [Alabama Rule of Civil Procedure]

---

[9]Doc. no. 12, at ¶ 4.

65(d)(2)."[10]  *Id.* (citations omitted).

Similarly, within the Eleventh Circuit, "an injunction demanding that a party do nothing more specific than 'obey the law' is impermissible."  *Elend v. Basham,* 471 F.3d 1199, 1209 (11th Cir. 2006) (citing *Burton v. City of Belle Glade,* 178 F.3d 1175, 1201 (11th Cir. 1999)).  This is because

> "[b]road, non-specific language that merely enjoins a party to obey the law or comply with an agreement . . . does not give the restrained party fair notice of what conduct will risk contempt."  *Epstein Family Partnership* [*v. Kmart Corp.,* 13 F.3d 762, 771 (3rd Cir. 1994)]. Because of the possibility of contempt, an injunction "must be tailored to remedy the specific harms shown rather than to enjoin all possible breaches of the law."  *Id.* (internal quotation marks omitted).   An injunction must therefore contain "an operative command capable of 'enforcement.'"   *Longshoremen's Ass'n. v. Marine Trade Ass'n.*, 389 U.S. 64, 73-74, 88 S.Ct. 201, 206-07, 19 L.Ed.2d 236, 244 (1967).  *See also United States Steel Corp. v. United Mine Workers*, 598 F.2d 363, 368 (5th Cir.1979) (party subject to contempt proceeding may defend on basis that compliance was not possible).

*Hughey v. JMS Development Corp.,* 78 F.3d 1523, 1531 (11th Cir. 1996).  At this early stage of the litigation, the court has no way of knowing the scope of permanent injunctive relief that might be appropriate upon entry of a final judgment.  If plaintiff

---

[10]Alabama Rule of Civil Procedure 65(d)(2) provides:

> Every order granting an injunction shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained; and is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise.

ultimately prevails on his ADTPA claim, it is possible that a permanent injunction could be tailored to remedy the specific harms shown by the available evidence. Accordingly, the court will not dismiss plaintiff's request for injunctive relief on his ADTPA claim at this stage.  In seeking any particular injunctive relief, however, plaintiff should be mindful of the rule against "obey-the-law injunctions."

## IV.  CONCLUSION

In light of the foregoing, Bank of America's motion is due to be, and it hereby is GRANTED in part and DENIED in part.  Plaintiff's claims against Bank of America for declaratory and injunctive relief under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, are DISMISSED with prejudice.  This case remains pending on plaintiff's other claims against Bank of America, including plaintiff's claims for injunctive relief under the Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-3 *et seq.*

**DONE** and **ORDERED** this ___3rd___ day of June, 2009.

R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE